Jodi K. Swick No. 228634
Colleen T. Flaherty No. 327563
**McDOWELL HETHERINGTON LLP**
1999 Harrison Street, Suite 2050
Oakland, CA 94612
Telephone:  510.628.2145
Facsimile:  510.628.2146
Email:  jodi.swick@mhllp.com
         colleen.flaherty@mhllp.com

Attorneys for Defendant
SUNNOVA ENERGY CORPORATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE WEILER, individually, and as co-trustee of the WEILER FAMILY TRUST DATED June 16, 1993,<br><br>    Plaintiffs,<br><br>        v.<br><br>SUNNOVA ENERGY CORPORATION; and DOES 1 to 10.<br><br>    Defendants. | Case No. **'25CV0130 GPC KSC**<br><br>[State Court Case No. 24CU026401N]<br><br>**NOTICE OF REMOVAL**<br><br>**28 U.S.C. § 1441**<br><br>[Concurrently Filed With: Civil Cover Sheet; Certificate of Interested Parties] |

1. Defendant Sunnova Energy Corporation ("Sunnova") hereby removes the above-captioned action to this Court from the Superior Court of the State of California for the County of San Diego where it is currently pending as Case No. 24CU026401N (the "State Court Action").

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that: (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000. The foregoing facts were true at the time Plaintiff filed the Complaint in the State Court Action and remain true as of the date of Sunnova's filing of this Notice of Removal.

## I. GROUNDS FOR REMOVAL – REMOVAL IS TIMELY

3. Plaintiff Clarence Weiler ("Plaintiff") commenced this Action against Sunnova on December 4, 2024 by filing the State Court Action seeking relief relating to the sale and installation of a solar panel system at his residence. A true and correct copy of the Complaint filed in the State Court Action is attached as **Exhibit 1.**

4. Plaintiff served Sunnova with the Complaint via process server on December 20, 2024. A copy of the Summons together with other process served on Defendant in the State Court Action is attached as **Exhibit 2**, and a copy of the Proof of Service of Summons is attached as **Exhibit 3.**

5. This Notice of Removal is timely filed because Defendant has filed it within thirty (30) days of being served with the Complaint, which occurred on December 20, 2024. *See* 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (a defendant's time to remove is triggered by formal service of the summons and complaint).

## II. GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

6. The State Court Action is properly removable to this Court under 28 U.S.C. §§ 1332(a) and 1441 because Plaintiff's citizenship is completely diverse from that of the only named defendant—Sunnova.

7. Per the Complaint, Plaintiff is a permanent resident of San Diego North County, California and has domiciled himself in California. *See* Exh. 1, at ¶¶ 5, 11. Therefore, Plaintiff is a citizen of the state of California within the meaning and intent of 28 U.S.C. § 1332.

8. Sunnova is a corporation organized and existing under the laws of the state of Delaware with its principal place of business (i.e., its headquarters) in Houston, Texas. As such, Sunnova is a citizen of the states of Delaware and Texas within the meaning and intent of 28 U.S.C. § 1332.

9. The citizenship of the fictitiously named defendants, identified as Does 1 through 10 in the Complaint, should be disregarded for purposes of this removal. *See* 28 U.S.C. § 1441(b)(1).

10. Accordingly, complete diversity among the correctly named parties exists.

## III. GROUNDS FOR REMOVAL – AMOUNT IN CONTROVERSY

11. This action is also removable because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Here, the face of the Complaint confirms that Plaintiff seeks damages in excess of the $75,000 threshold set forth in 28 U.S.C. § 1332. Plaintiff brings suit for financial elder abuse and reformation of contract relating to his contract for the sale and installation of a solar panel system on his property, for which he agreed to pay a total purchase price of $154,499.12. *See* Exh. 1, at ¶ 44. Plaintiff alleges that, at a minimum, he has been damaged in a sum equal to the difference of the purchase price ($154,499.12) and the alleged fair market value of the system–which he estimates to be less than $50,000.00—for a total of around $104,000 in actual damages. *See id.* at ¶ 63. He also seeks reimbursement of his previous payments ($5,052.88), attorneys' fees, and punitive damages pursuant to Welf. &

Inst. Code § 1567.5(a). *Id.* at Prayer for Relief. Thus, if Plaintiff were to prevail on his claims, his alleged damages would surpass $75,000.00.

### IV.   VENUE

18.   Venue lies in the United States District Court for the Southern District of California under 28 U.S.C. §§ 1441(a) and 1446(a). Under 28 U.S.C. § 1441(a), this case may be properly removed to the Southern District of California because Plaintiff filed this case in the Superior Court for the County of San Diego.

### V.   CONSENT TO REMOVAL

19.   No consent to removal is necessary as Sunnova is the only existing defendant in this lawsuit.

### VI.   EXHIBITS TO NOTICE OF REMOVAL

20.   Pursuant to 28 U.S.C. § 1446 (a), true and correct copies of all pleadings and documents served upon Sunnova, as well as additional documents filed in the State Court Action but not yet served on Sunnova, are attached to this Notice of Removal as correspondingly numbered exhibits:

| Exhibit | Document Description |
|---|---|
| 1. | Complaint |
| 2. | Summons on Complaint; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution Information Package; Complaint; San Diego County Superior Court Electronic Filing Requirements; Statement of Damages |
| 3. | Proof of Service of Summons |
| 4. | Civil Case Cover Sheet |

21. Pursuant to 28 U.S.C. § 1446(d), a Notice to State Court and Adverse Parties of Removal of this Action to Federal Court, together with this Notice of Removal, will be promptly served upon counsel for Plaintiff and will be filed with the clerk of the Superior Court for the County of San Diego.

## VII. CONCLUSION

WHEREFORE, Defendant Sunnova Energy Corporation, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this Action from the Superior Court of the State of California, County of San Diego, to this Court.

Dated: January 21, 2025        McDOWELL HETHERINGTON LLP

By:    /s/ Colleen T. Flaherty

Colleen T. Flaherty
Jodi K. Swick

Attorneys for Defendant
SUNNOVA ENERGY CORPORATION

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# CERTIFICATE OF SERVICE
*Weiler v. Sunnova Energy Corp., et al.*
U.S. District Court, Southern District Case No. _____

At the time of service I was over 18 years of age and not a party to this action. I am employed by McDOWELL HETHERINGTON LLP. My business address is 1999 Harrison Street. Suite 2050, Oakland, CA 94612. My business telephone number is (510) 628.2145; my business fax number is (510) 628.2146. On January 21, 2025, I served the following document(s):

### DEFENDANT SUNNOVA ENERGY CORPORATION'S NOTICE OF REMOVAL

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| Benjamin M. Bartlett<br>**Law Offices of Benjamin M. Bartlett**<br>300 W Grand Ave, Suite 203<br>Escondido, CA 92025<br>T: (760) 621-0306<br>E: ben@bmblegalservices.com | *Attorney for Plaintiffs*<br>CLARENCE WEILER, individually, and as co-trustee of the WEILER FAMILY TRUST DATED June 16, 1993, |

**Via Mail**
[x] By enclosing a true and correct copy thereof in a sealed envelope and, following ordinary business practices, said envelope was placed for mailing and collection in the offices of McDowell Hetherington LLP in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/ documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on this same day.

**Via Electronic Service**
[X] Pursuant to Rule 5(b)(E) of the Federal Rules of Civil Procedure, I caused the documents to be sent to the persons at the electronic notification addresses listed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on January 21, 2025, at Oakland, California.

*Kamdi Taylor*

Kamdi Taylor