UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE WEILER, individually, and as co-trustee of the WEILER FAMILY TRUST DATED June 16, 1993,<br><br>Plaintiff,<br><br>v.<br><br>SUNNOVA ENERGY CORPORATION; and DOES 1 to 10,<br><br>Defendants. | Case No.: 3:25-cv-00130-GPC-KSC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**[ECF No. 7]** |

On June 20, 2025, Defendant Sunnova Energy Corporation ("Sunnova")'s counsel, the firm of McDowell Hetherington LLP ("MH"), filed a Motion to Withdraw as Counsel (the "Motion"). ECF No. 7 ("Mot."). Plaintiff filed a notice of non-opposition to the Motion. ECF No. 9. Sunnova consents to MH's withdrawal. ECF No. 7-1, Declaration of Jodi K. Swick ("Swick Decl.") ¶¶ 3-4. For the reasons set forth below, the Court **GRANTS** MH's motion to withdraw and **ORDERS** that Sunnova obtain substitute counsel within 45 days of this Order.

/ / /

1

## BACKGROUND

On January 21, 2025, Sunnova removed this action, which alleges financial elder abuse relating to Sunnova's sale of a solar system, to federal court.  ECF No. 1; ECF No. 1-2.  This case is currently stayed pending the completion of final and binding arbitration between the parties.  ECF No. 6.

On June 20, 2025, amid the stay, MH moved to withdraw as counsel on the following grounds: (1) Sunnova consents to the withdrawal and (2) Sunnova "failed to fulfill its obligations to MH regarding MH's services" under Rule 1.16(b)(5) of the California Rules of Professional Conduct.  Mot. at 6.[1]  MH did not specify what material term of the agreement Sunnova breached.  *Id.*  MH states that its withdrawal would not prejudice the parties because "there are no upcoming hearings or other dates scheduled in this case" and because MH provided Sunnova reasonable notice of the Motion.  *Id.* at 7. MH also states that its withdrawal would not delay the resolution of this case because "this matter has been stayed due to arbitration and Sunnova's pending bankruptcy."  *Id.*

On June 23, 2025, the Court directed Plaintiffs and Defendants to file any opposition by July 3, 2025, and directed MH to file any reply by July 11, 2025.  ECF No. 8.  On June 26, 2025, Plaintiff Clarence Weiler filed a notice of non-opposition to the Motion.  ECF No. 9.  Moreover, MH states that Sunnova consents to MH's withdrawal. Swick Decl. ¶ 3.

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court," *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *Beard v. Shuttermart of Cal., Inc.,* No. 07–CV–594–WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008), and the decision to grant or deny counsel's motion to withdraw is committed to the discretion

---

[1] Page numbers reflect CM/ECF pagination.

2

3:25-cv-00130-GPC-KSC

1    of the trial court, *Beard*, 2008 WL 410694, at *2; *Williams v. Cnty. of Fresno*, 562 F.

2    Supp. 3d 1032, 1035 (E.D. Cal. 2021).  Local Rule 83.3(f)(3) requires an attorney to

3    serve any motion to withdraw on the adverse party and his client and to file a declaration

4    pertaining to such service.[2]

5           When deciding a motion to withdraw as counsel, courts consider the following

6    factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may

7    cause to other litigants; (3) the harm withdrawal might cause to the administration of

8    justice; and (4) the degree to which withdrawal will delay the resolution of the case."

9    *Williams*, 562 F. Supp. 3d at 1035 (quoting *Leatt Corp. v. Innovative Safety Tech., LLC,*

10   No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010)).

11          In the present case, good cause for withdrawal exists for two reasons.  First, Rule

12   3–700(C)(5) of the California Rules of Professional Conduct expressly allows withdrawal

13   where the client "knowingly and freely assents to termination of the employment."

14   *Indymac*, 2010 WL 2000013, at *1.  Here, Sunnova "knowingly and freely consented to

15   MH withdrawing from its representation of Sunnova in this matter."  Swick Decl. ¶ 3.

16   Second, Rule 1.16(b)(5) of the California Rules of Professional Conduct provides that an

17   attorney may withdraw from representing a client if "the client breaches a material term

18   of an agreement with, or obligation, to the lawyer relating to the representation, and the

19   lawyer has given the client a reasonable warning after the breach that the lawyer will

20   withdraw unless the client fulfills the agreement or performs the obligation."  Cal. R.

21   Prof. Conduct, Rule 1.16(b)(5).  MH states that "Sunnova has failed to fulfill its

22   obligations to MH regarding MH's services" and "MH has given Sunnova months of

23   advance warning that it would seek to withdraw if Sunnova did not fulfill its obligations."

24   Mot. at 6.  While MH does not expand on the specifics of Sunnova's breach, the Court

25

26

27   [2] MH complied with these requirements.  *See* Swick Decl. ¶¶ 3-4.

3

28                                                                    3:25-cv-00130-GPC-KSC

1    acknowledges that the details may be covered by the attorney-client privilege.  The

2    attorney-client relationship is clearly strained, and Sunnova has not offered any objection

3    to this characterization of the relationship.

4          Further, MH's withdrawal would not unduly prejudice the parties, harm the

5    administration of justice, or unduly delay the resolution of this case.  *See In re Saber*, No.

6    21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022).  Plaintiff is not prejudiced,

7    as he filed a notice indicating he does not oppose the withdrawal.  ECF No. 9.  Sunnova's

8    lack of objection to the Motion suggests that there is no danger of prejudice to its

9    interests.  Moreover, the case is currently stayed pending arbitration and Sunnova's

10   bankruptcy proceedings.  ECF No. 6; ECF No. 7 at 3; *see also* Swick Decl. ¶ 5 ("On June

11   8, 2025, Sunnova filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy

12   Court, Southern District of Texas, as Case No. 25-90160.").  Thus, with no pending

13   matters before the Court, MH's withdrawal would not harm the administration of justice

14   or unduly delay the case.

15         But MH's withdrawal would leave Sunnova, a corporation, without counsel.

16   Under Local Rule 83.3(j), a corporate defendant must be represented by counsel and

17   cannot appear *pro se*.  *See In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994)

18   (per curiam) ("Corporations and other unincorporated associations must appear in court

19   through an attorney.").  However, "Rule 83.3(j) is not offended where the Court orders an

20   unrepresented corporate defendant to find substitute counsel and gives them some time to

21   do so."  *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd*, No. 3:18-CV-02109-BEN-

22   LL, 2021 WL 927359, at *3 (S.D. Cal. Mar. 11, 2021) (citing *Indymac*, 2010 WL

23   2000013, at *2 (finding no prejudice because the case was "still in its infancy" and there

24   were no immediately scheduled hearings except for a mandatory settlement conference)

25   and *McNally v. Commonwealth Financial Systems, Inc.*, No. 12-cv-2700-IEG (MDD),

26   2013 WL 685364 (S.D. Cal. Feb. 25, 2013) (granting motion to withdraw where litigation

27

28

4

1   was at an early stage and where corporate defendant was unable to pay legal fees,

2   consented to the motion, and had "ample opportunity to retain substitute counsel as

3   needed")).  Here, because the Court stayed the case, this matter cannot proceed until the

4   arbitration or the bankruptcy proceedings (or both) have been completed.  Further, there

5   are no upcoming hearings or other dates scheduled in this case.  *See, e.g.*, *Gurvey v.*

6   *Legend Films, Inc.*, No. 09–CV–942–IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal.

7   July 12, 2010) (granting motion to withdraw where good cause existed, the case was "still

8   in its infancy" with "no immediately scheduled hearings," and Plaintiff had ample notice

9   of counsel's intent to withdraw).  Therefore, Defendant is not prejudiced and has ample

10  time to engage replacement counsel before substantive litigation begins in this case.[3]

11  Thus, the Court finds that it may grant MH's motion to withdraw if it provides Sunnova

12  with sufficient time to engage substitute counsel.

13                                **CONCLUSION**

14       For the foregoing reasons, the Court **GRANTS** MH's motion to withdraw and

15  **ORDERS** that Sunnova obtain substitute counsel within 45 days of this Order.  The

16  Court vacates the hearing previously scheduled for August 1, 2025

17       **IT IS SO ORDERED.**

18

19  Dated:  July 28, 2025

20                                                Hon. Gonzalo P. Curiel
21                                                United States District Judge

22

23

24  [3] District courts in this circuit have consistently granted motions to withdraw notwithstanding a stay of
    proceedings.  *See, e.g.*, *Dean v. Cortes*, No. 218CV02335CASJPRX, 2020 WL 5947112, at *1 (C.D.
25  Cal. Oct. 6, 2020) (granting motion to withdraw while case was stayed pending the resolution of
    plaintiff's estate proceedings); *Quintero v. Wells Fargo Bank, N.A.*, No. 13-CV-04937-JSC, 2015 WL
26  13427801, at *1 (N.D. Cal. Mar. 25, 2015) (granting motion to withdraw when "litigation [was] stayed
    while Defendant conducts its review").
27

28                                                3:25-cv-00130-GPC-KSC